STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 1227

G.D.

VERSUS

HILLAR C. MOORE, III, DISTRICT ATTORNEY

Judgment Rendered: **APR 1 6 2021**

* * * * *

On Appeal from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C694092

The Honorable Janice Clark, Judge Presiding

* * * * *

G.D.                                              Plaintiff/Appellant,
Crestview, Florida                                In Proper Person


Dylan C. Alge                                     Counsel for Defendant/Appellee,
Baton Rouge, Louisiana                            Hillar C. Moore, III,
                                                  District Attorney


* * * * *

BEFORE:  WHIPPLE, C.J., WELCH AND WOLFE, JJ.

**WOLFE, J.**

G.D. instituted this suit to change the first name and surname of his biological minor child. To his petition, G.D. attached a judgment ordering that the child's name be changed as requested. Across the judgment, the trial court wrote "Denied" and "Set for Hearing Contradictorily after Service of Process." G.D. appeals, contending that the name change should be granted.

Appellate courts have the duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. **Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.**, 2017-1250 (La. App. 1st Cir. 12/20/18), 268 So.3d 1044, 1046 (*en banc*). This court's jurisdiction extends to final judgments and interlocutory judgments expressly provided by law. La. Code Civ. P. art. 2083. A final judgment determines the merits in whole or in part. An interlocutory judgment does not determine the merits, but only preliminary matters in the course of an action. La. Code Civ. P. art. 1841.

The trial court's order denied, but did not dismiss, G.D.'s petition. Rather, the trial court set the matter for a contradictory hearing. Since the order does not determine the merits or terminate the suit, it is not a final judgment. See La. Code Civ. P. art. 1841. The order is interlocutory in nature and is not one that the legislature has expressly provided the right for immediate appeal. See La. Code Civ. P. art. 968 (providing that an appeal does not lie from the court's refusal to render any judgment on the pleading). Accordingly, this court lacks subject matter to consider the merits of this appeal.

For the foregoing reasons, this appeal is dismissed at G.D.'s cost.

**APPEAL DISMISSED.**